IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN ANDREW PEUCKER, #2008689 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-1370-D |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Ryan Andrew Peucker ("Peucker") moves for relief from judgment under Fed. R. Civ. P. 60(d)(3). For the reasons explained, the court dismisses the petition without prejudice for lack of jurisdiction on the ground that the motion is a disguised successive petition. He may seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive application. *See* 28 U.S.C. § 2244(b)(3). Alternatively, the court concludes that, even considering the motion on the merits, Peucker has failed to establish that he is entitled to relief under Rule 60(d)(3). The court denies a certificate of appealability.

I

Peucker was convicted for possessing more than four grams but less than 200 grams of a controlled substance and was sentenced to 75 years' imprisonment. *State v. Peucker*, No. F48640 (18th Jud. Dist. Ct., Johnson Cnty., Tex., July 9, 2015), *aff'd*, 489 S.W.3d 592, 596 (Tex. App.—Texarkana 2016, pet. ref'd). He unsuccessfully challenged his conviction in state and federal habeas proceedings, and the United States Court of Appeals for the Fifth

Circuit denied a certificate of appealability. *See Peucker v. Davis*, No. 3:18-CV-1370-D-BK, 2019 WL 3209392, at *1 (N.D. Tex. June 20, 2019) (Toliver, J.), *rec. adopted*, No. 3:18-CV-1370-D, 2019 WL 3206134 (N.D. Tex. July 16, 2019) (Fitzwater, J.), *cert. of appealability denied*, No. 19-10926 (5th Cir. Sep. 22, 2020) (order) (per Elrod, J.). The Fifth Circuit later denied Peucker leave to file a successive application to raise new due process and actual innocence claims based on newly discovered evidence. *In re Peucker*, No. 21-11191, order at 2 (5th Cir. Jan. 11, 2022) (per curiam).

In his Rule 60(d)(3) motion, Peucker asserts new claims of fraud on the court based on the same newly discovered evidence: a letter received from the Texas Forensic Science Commission in June 2019 after the denial of his federal habeas petition. Peucker contends that the letter confirms that a laboratory in El Paso—not Nichole Huddleston ("Huddleston"), the analyst/expert witness who testified at trial—performed all the testing on the substance. Peucker therefore maintains that Huddleston presented fraudulent testimony at trial that she had tested the substance, and that respondent committed fraud on this court in the answer to the federal habeas case by relying on Huddleston's testimony. Peucker posits that the alleged fraud "corrupt[ed] the truth seeking process" by "influencing both the jury and this court's decision to deny" habeas relief. He asks the court to re-evaluate three of his claims of ineffective assistance of counsel based on the new evidence: that counsel was ineffective in failing to (1) object to the witness testimony on confrontation grounds, (2) request a directed verdict, and (3) raise the issue on appeal.

II

When a petitioner files a Rule 60 motion following the denial of an application for habeas relief, the court must first determine whether he is only seeking Rule 60 relief or is attempting to file a second or successive habeas. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019); *see also Preyor v. Davis*, 704 Fed. Appx. 331, 338-40 (5th Cir. 2017) (per curiam) (applying *Gonzalez* to motion seeking to reopen federal habeas proceedings under both Rule 60(d)(3) and 60(b)(6)). A motion styled under Rule 60 that raises new "claims" or attacks the district court's merits-based resolution of prior habeas claims should be construed as a successive habeas application. *Gonzalez*, 545 U.S. at 531-32 & n.4 (finding that a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits"). The *Gonzalez* Court gave three examples of motions that are in substance successive habeas petitions subject to pre-certification under 28 U.S.C. § 2244(b): "first, a motion seeking leave to bring a new claim of constitutional error that was previously omitted due to 'excusable neglect'; second, a motion seeking leave to present newly discovered evidence in support of a claim previously argued; and third, a motion seeking relief based on a subsequent change in substantive law." *Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (citing *Gonzalez*, 545 U.S. at 530-31).

On the other hand, there are narrow circumstances in which a district court can entertain a Rule 60 motion in a habeas proceeding. As described in *Gonzalez*, a true Rule 60 motion is one that either (1) challenges only a procedural ruling of the habeas court that

- 3 -

precluded a determination on the merits of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Id.* at 532 and nn.4 & 5; *see also United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013). While "[f]raud on the federal habeas court is one example of such a defect [in the integrity of the federal habeas proceedings]," the Court noted "that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5 (citations omitted).

Moreover, procedural defects "must be 'narrowly construed' when considering whether motions are subject to the limits on successive habeas petitions." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam). "[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks." *Id.* (quoting *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). Stated another way, purported attacks on the integrity of the habeas proceedings cannot hinge substantively on a merits-based argument. *Id.* at 360; *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) ("To bring a proper Rule 60(b) claim, a movant must show a non-merits-based defect in the district court's earlier decision on the federal habeas petition." (internal quotations and quoted case omitted)).

The arguments in Peucker's Rule 60(d)(3) motion do not challenge the integrity of the

federal habeas proceedings. Instead, his motion presents nothing more than a prohibited merits-based challenge based on the allegedly newly discovered evidence. *See Hernandes*, 708 F.3d at 682 (holding that "Rule 60(b) motion is, in fact, a § 2255 motion in disguise" when "it is precisely the sort of prohibited motion that 'attacks the federal court's previous resolution of a claim on the merits'" (quoted cases omitted; emphasis in original)). Here, the court denied Peucker's habeas petition *on the merits*, and his Rule 60(d)(3) motion does not raise a nonmerits issue that precluded a merits determination. Rather, Peucker challenges the court's determination that his trial and appellate counsel did not render effective assistance due to the testimony of the expert witness, which he now urges was fraudulent. Thus Peucker's arguments are grounded in substance, not procedure, and, "in effect, [he] asks for a second chance to have the merits determined favorably." *Preyor*, 704 Fed. Appx. at 340 (holding that motion under Rule 60(d)(3) and 60(b)(6) was properly treated as successive habeas petition).

Accordingly, Peucker's Rule 60(d)(3) motion is the equivalent of a second or successive application, which this court lacks jurisdiction to adjudicate absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (providing that, before a petitioner can file a second or successive application in the district court, a three-judge panel of the appropriate court of appeals must determine whether the application makes the requisite prima facie showing).

- 5 -

III

Alternatively, even it the court did have jurisdiction to consider the merits of Peucker's motion, he has not shown that relief under Rule 60(d)(3) is warranted.

Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court." The rule targets "only fraud *on the federal habeas court*, not fraud on the state courts, the parties, or their relatives." *Preyor*, 704 Fed. Appx. at 340 (citing *Fierro v. Johnson*, 197 F.3d 147, 153-54 (5th Cir. 1999)). This standard is "demanding." *Id.* (citations omitted). And "'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court.'" *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Fraud under Rule 60(d)(3) also "'embrace[s] . . . the species of fraud which does or attempts to[] defile the court itself.'" *Id.* (quoting *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)). Further, Rule 60(d)(3) includes "'fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" *Id.* (quoting *Wilson*, 873 F.2d at 872).

Peucker does not even allege, much less show, anything that rises to the level of fraud on the federal habeas court. The alleged fraud that Peucker points to constitutes the basis of the claims adjudicated in his federal habeas petition: namely, that Huddleston, the analyst/expert who testified at his trial, only partially tested the substance and was not the analyst who conducted the test that confirmed that the substance was methamphetamine.

Instead of providing proof of fraud on the court, Peucker merely expands on his earlier arguments maintaining that Huddleston played no part in testing the substance. But he does not dispute that she reviewed all the results and prepared and signed the Forensic Chemistry Report, as concluded in the magistrate judge's recommendation, which this court adopted and the Fifth Circuit affirmed.

Peucker's assertion of fraud on the court is conclusory and plainly insufficient to sustain a Rule 60(d)(3) claim. *See Rhodes v. Director*, No. 3:19-CV-1076-K-BN, 2021 WL 4296409 at *4 (N.D. Tex. Aug. 12, 2021) (Horan, J.), *rec. adopted*, No. 3:19-CV-1076-K, 2021 WL 4295407 at *1 (N.D. Tex. Sep. 21, 2021) (Kinkeade, J.) (collecting cases rejecting conclusory and speculative fraud-on-the-court claims and noting the burden is on the moving party to establish fraud by clear and convincing evidence).

IV

Accordingly, for the reasons explained, the court dismisses Peucker's petition without prejudice for lack of jurisdiction on the ground that the motion is a disguised successive petition. He may seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive application. *See* 28 U.S.C. § 2244(b)(3). Alternatively, the court concludes that, even considering the motion on the merits, Peucker has failed to establish that he is entitled to relief under Rule 60(d)(3).

V

Pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. In light of the rulings in this case, the court concludes that Peucker has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED**.

June 22, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE